UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MAURICE LARRY DELEE,

        Plaintiff,

    -v-                                  09-CV-0838A(F)
                                                   **ORDER**

SERGEANT, CHARLES HANNIGAN; C.O. S. WHITE;
C.O. CARHART; R.N. ESPOSITO; LT. LAMBERT;
LT. DIXON; LT. POLAK; LT. BEA; SUPERINTENDENT
JAMES CONWAY; FDS, KHAHFIA; DSS, CHAPPIUS;
E. O'MARA; D. O'CONNOR, and N. BEZIO,
all being sued in their
official and individual capacity,

        Defendants.

---

Plaintiff, Maurice Larry DeLee, who is incarcerated in the Auburn Correctional Facility, and was formerly incarcerated in the Attica Correctional Facility at the time of the events alleged in the complaint, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has both met the statutory requirements and furnished the Court with a signed Authorization. Accordingly, plaintiff's request to proceed as a poor person is hereby granted. In addition, plaintiff's complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria.[1]

---

[1] *See* <u>Boykin v. KeyCorp</u>, 521 F.3d 202, 216 (2d Cir.2008) (the "dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."); *see also* <u>Krebs v. Spitzer</u>, No. 9:08-CV-255, 2008 WL 2003582, at *2 (N.D.N.Y. May 7, 2008) (Report & Recommendation, U.S.M.J., D. Peebles) (courts "should exercise extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint 'before the adverse party has been served and both parties ... have had an opportunity to respond[.]'") (citation omitted).

Plaintiff names the defendants in both their individual and official capacities. The immunity provided by the Eleventh Amendment extends to actions seeking damages against state officials sued in their official capacities if the state is the real party in interest. *See* Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002) (citations omitted); Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir.1993); Farid v. Smith, 850 F.2d 917, 921 (2d Cir.1988). Thus, "[e]mployees of DOCS and its facilities, when sued in their official capacities, have been held to be subject to the state's Eleventh Amendment immunity." Johnson v. Goord, No. 01 Civ. 9587(PKC), 2004 WL 2199500, at *4 (S.D.N.Y. Sept. 29, 2004) (citing, *inter alia*, Davis, 316 F.3d at 101). Accordingly, the claims against defendants in their official capacities are dismissed in their entirety.[2]

Plaintiff's has also filed a motion for appointment of counsel (Docket No. 5), which is denied inasmuch as there is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards promulgated by Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997), and Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986). A more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's motion is denied without prejudice

---

[2]Claims for injunctive-prospective-relief against individuals sued in their official capacit are not barred by Eleventh Amendment. *See* Ex parte Young, 209 U.S. 123 (1908); Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002). Plaintiff is not seeking prospective relief herein.

to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. See <u>Hendricks</u>, 114 F.3d at 392) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

**SO ORDERED.**

S/ MICHAEL A. TELESCA<br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated:   February 1, 2010
         Rochester, New York