UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MAURICE DELEE,

        Plaintiff,

        v.

SERGEANT CHARLES W. HANNIGAN, et al.,,

        Defendants.

**ORDER**
09-cv-0838A(F)

---

        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A)-(C). (Docket No. 10.) The Court, in prior orders, had granted plaintiff permission to proceed *in forma pauperis* and directed service of the summons and complaint by the United States Marshals Service. *See* Fed.R.Civ.P. 4(c)(3). After attempts to serve defendant R.N. Esposito were unsuccessful, the Court's Pro Se Office contacted the New York State Attorney General's Office--the office representing most of the defendants in this matter--to attempt to obtain information regarding an address at which to serve Esposito. *See Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997). The Court was informed that at the time of the events alleged in the complaint Esposito was employed by Supplemental Health Care, and an Order was entered directing the Marshals Service to serve the summons and complaint upon Esposito at the address of said employer. (Docket No. 17.)

        On July 29, 2010, the Court received a letter from George Zimmerman, Assistant Attorney General, advising the Court that he received a letter from Supplemental Health Care. The letter, which is attached to Mr. Zimmerman's letter, notes that Esposito is no

longer employed by Supplemental Health Care and it therefore cannot accept service or execute a waiver of service on her behalf.

Once a *pro se* plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court. See 28 U.S.C. § 1915(d); *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996). "Such a plaintiff is thus 'relieved by his poverty of the responsibility for filing and effecting service of his complaint,' " and has " 'thus relinquished control over service.' " *Soto v. Keenan*, 409 F.Supp.2d 215, 218 (W.D.N.Y.,2006) (quoting *Wright*, 76 F.3d at 59). Pursuant to *Valentin*, 121 F.3d at 75, the Court has an obligation to assist a *pro se* incarcerated litigant to obtain information necessary to identify and serve a defendant whom plaintiff has not been able to fully identify. See *Wilson v. 103rd Precinct*, 182 F.3d 902, 1999 WL 494868, at * 2 (2d Cir. 1990) (Unpublished Opinion) ("We have previously recognized that a district court has an obligation to assist an incarcerated *pro se* litigant to obtain discovery necessary to identify an unidentified individual defendant in order to avoid dismissal.)

In this matter, plaintiff has properly identified the defendant as a nurse who at the time of the events alleged in the complaint worked at the Attica Correctional Facility. As an incarcerated inmate, plaintiff is limited in what further information he can obtain regarding this defendant and where she can be served. Accordingly, pursuant to *Valentin*, the Court requests that Espositio's former employer, Supplemental Health Care, provide to the Court *in camera*, and within **14 days** of its receipt of this Order, the last known address of Esposito so that the Court can direct service on her at said address. Upon

2

receipt of this information, the Clerk of the Court is directed to cause the United States Marshals Service to serve the summons and complaint on Esposito. The Clerk of the Court shall complete the necessary summons and Marshal Receipt and Return Forms (USM-285) for service on Esposito, and shall not disclose to anyone other than the Marshals Service the address.

The Clerk of the Court is directed to forward a copy of this Order to Supplemental Health Care at the address the Court has received previously *in camera*.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 5, 2010
Buffalo, New York