UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MAURICE LARRY DELEE,

                Plaintiff,

                                          Case # 09-CV-838-FPG

v.

                                          DECISION & ORDER

CHARLES HANNIGAN, et al.,

                Defendants.

      In this civil rights action under 42 U.S.C. § 1983, Plaintiff Maurice Larry DeLee ("Plaintiff") alleges that his constitutional rights were violated while he was incarcerated at Attica Correctional Facility.  Presently before the Court is a motion for partial summary judgment filed by Defendants Dixon, Polak, White, Carhart, Bea, Brown, Bezio, Conway, Khahaifa, and Lambert.  ECF No. 102.  United States Magistrate Judge Leslie G. Foschio issued a Report and Recommendation ("R&R") in which he recommends that Defendants' motion be granted in full.  ECF No. 149.  Plaintiff then filed objections to the R&R.  ECF No. 152.  On September 29, 2016, the Court held a hearing on this matter and heard argument from both parties.  The Court assumes the parties' familiarity with the background facts of this case and will proceed directly to a discussion of the pending motion and objections.

## LEGAL STANDARD

      Pursuant to 28 U.S.C. § 636(b)(1)(C), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992), the court explained:

> It is clear from the plain meaning of the rule that objections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects. It is improper for an objecting party to attempt to relitigate the entire content of the hearing

>before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.

Therefore, if no objections are filed, or if the objections simply reiterate the party's original arguments, courts may review the report and recommendation for clear error. *United States v. Gardin*, 451 F. Supp. 2d 504, 507-08 (W.D.N.Y. 2006); *Gasaway v. Perdue*, No. 9:11-CV-01272, 2012 WL 1952644, at *2 (N.D.N.Y. May 30, 2012); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346 (S.D.N.Y. 2006); *United States v. Peldomo*, No. 10-CR-0069, 2010 WL 5071489, at *1-2 (E.D.N.Y. Dec. 7, 2010).

Here, Plaintiff's objections (ECF No. 152) are almost entirely copied and pasted from Plaintiff's Memorandum of Law Opposing Defendants' Motion for Partial Summary Judgment (ECF No. 124). With respect to the portions of the R&R that have not been objected to, the Court has reviewed the R&R and finds no clear error. However, Plaintiff does raise some specific objections to the R&R. *See* ECF No. 152, at 1-3. Those objections are discussed below.

## OBJECTIONS

Plaintiff raises seven specific objections to the R&R. *See* ECF No. 152, at 1-3. First, Plaintiff argues that Judge Foschio "failed to assess the retaliatory nature of the discipline impose[d] upon DeLee, in concluding that no due process retaliation claim can proceed if 'there is *any* evidence in the record that supports the disciplinary ruling.'" *Id.* at 1-2. Second, Plaintiff argues that Judge Foschio failed "to give due weight to the reversal of the discipline imposed against DeLee." *Id.* at 2. Third, Plaintiff argues that Judge Foschio "misconstrued the import of the plaintiff's citation to Department of Corrections Services directives [No. 4040 and Section 70.6(b)], by citing cases stating that violations of state prison regulations or policies are not, in and of themselves, Constitutional violations." *Id.* Fourth, Plaintiff argues that Judge Foschio erred in finding that Correction Officer Deanna Carhart ("C.O. Carhart") was not personally

involved in the alleged beating at issue in this case, because "Defendant Carhart was not sued as a supervisor. DeLee alleged that Carhart was present at the day room door, watching the beating being inflicted upon him by Hannigan, White and others, but did nothing to intervene or to stop the assailants." *Id.* at 3. Fifth, Plaintiff argues that Judge Foschio "improperly resolved disputed facts" to find that Correction Officer Sean White ("C.O. White") is immune under New York Correction Law § 24. *Id.* Sixth, Plaintiff argues that Judge Foschio erred in determining that Plaintiff has not alleged a conspiracy claim. *Id.*

**1.      Failing to "Assess the Retaliatory Nature of the Discipline"**

It is unclear what Plaintiff means by arguing that Judge Foschio "failed to assess the retaliatory nature of the discipline impose[d] upon DeLee, in concluding that no due process retaliation claim can proceed if 'there is *any* evidence in the record that supports the disciplinary ruling.'" ECF No. 152, at 2. Plaintiff cites *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004), in which the Second Circuit explained:

> The due process protections afforded a prison inmate do not equate to "the full panoply of rights" due to a defendant in a criminal prosecution. *Wolff v. McDonnell,* 418 U.S. at 556, 94 S.Ct. 2963. Notably, there is no right to counsel or to confrontation at prison disciplinary hearings. *See id.* at 567–70, 94 S.Ct. 2963. Nevertheless, an inmate is entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken. *See id.* at 563–67, 94 S.Ct. 2963; *accord Luna v. Pico,* 356 F.3d at 487; *Kalwasinski v. Morse,* 201 F.3d at 108. Since *Wolff,* the Supreme Court has clarified that judicial review of the written findings required by due process is limited to determining whether the disposition is supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). This standard is extremely tolerant and is satisfied if "there is *any* evidence in the record that supports" the disciplinary ruling. *Friedl v. City of New York,* 210 F.3d 79, 85 (2d Cir. 2000). Nevertheless, as this court recently explained, the "some evidence" standard requires some "reliable evidence." *Luna v. Pico,* 356 F.3d at 488; *see Taylor v. Rodriguez,* 238 F.3d 188, 194 (2d Cir. 2001).

3

*Sira*, 380 F.3d at 69. Judge Foschio applied the correct standard in his R&R. *See* ECF No. 149, at 19-28. Therefore, this argument has no merit.

**2.       Reversal of Plaintiff's Discipline**

After finding that Plaintiff was not denied due process at either of his disciplinary hearings, Judge Foschio noted that the fact that Plaintiff's disciplinary hearings were later reversed based on violations of New York prison regulations does not affect the analysis. ECF No. 149, at 28. Plaintiff objects that Judge Foschio did not "give due weight" to the reversal. However, Plaintiff does not cite any authority for the idea that reversal of a hearing should change the court's analysis. *See* ECF No. 152, at 2.

Judge Foschio applied the correct standard in his R&R. As Defendants point out, "[a] prison inmate does not have a viable § 1983 claim based solely on prison officials' failure to adhere to the requirements of prison regulations, directives or policy statements." *Lopez v. Reynolds*, 998 F. Supp. 252, 259 (W.D.N.Y. 1997). "Although state laws may in certain circumstances create a constitutionally protected entitlement to substantive liberty interests, state statutes do not create federally protected due process entitlements to specific state-mandated procedures." *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) (internal citations omitted). Therefore, this argument has no merit.

**3.       Misconstruing Plaintiff's Citation to Department of Corrections Services Directives**

Plaintiff argues that Judge Foschio "misconstrued the import of the plaintiff's citation to Department of Corrections Services directives [No. 4040 and Section 70.6(b)], by citing cases stating that violations of state prison regulations or policies are not, in and of themselves, Constitutional violations. The point of those directives is that no reprisals of any kind shall be taken against an inmate for good faith utilization of grievance procedures and shall not be subject to misbehavior reports solely based on allegedly false statements to the grievance committee.

4

Since all defendants had specific or constructive knowledge of such directives, which were premised on First and Fourteenth Amendment principles, DeLee's claim that the defendants abused the discipline process to punish an inmate for challenging officer brutality should not be summarily dismissed. *See, Franco v. Kelly*, 854 F.2d 584, 588-90 (2d Cir. 1988)." ECF No. 152, at 2-3.

    This argument has no merit. First, it is unclear what Plaintiff means when he refers to "plaintiff's citation to Department of Corrections Services directives [No. 4040 and Section 70.6(b)]," because Plaintiff does not appear to cite those directives—or any other directives, for that matter—in his Memorandum Of Law Opposing Defendants' Motion For Partial Summary Judgment. *See* ECF No. 124.

    Second, even if Plaintiff had cited those directives, it is unclear what Judge Foschio did to "misconstrue" such a citation, because Judge Foschio does not mention those directives in his R&R either. *See* ECF No. 149. Judge Foschio does note that "even though the denial of the right to call witnesses without explanation violates New York's prison disciplinary regulation, N.Y. Comp. Codes R & Regs. tit. 7, § 254.5(a), the violation of a state regulation alone does not give rise to a federal due process violation." *Id.* at 27. But Judge Foschio is correct: in a due process claim under § 1983, "federal law, not state regulations, determines the procedures necessary to protect [the] liberty interest." *Blouin ex rel. Estate of Pouliot v. Spitzer*, 356 F.3d 348, 363 (2d Cir. 2004).

**4.    C.O. Carhart**

    In his Amended Complaint, Plaintiff alleges that C.O. Carhart was present at the day room when Plaintiff was beaten and sexually abused. ECF No. 51, at ¶ 33. Although Plaintiff does not allege that C.O. Carhart ever touched Plaintiff, he does allege that she "stood and watched as the assault proceeded." *Id.* C.O. Carhart moved for summary judgment on the basis

that she was not personally involved, arguing that "[s]ince all parties, except plaintiff, agree that Carhart was not present at the time plaintiff claims that he was assaulted, the claim against her should be dismissed." ECF No. 102-1, at 16.

In his R&R, Judge Foschio recommends that summary judgment be granted in favor of C.O. Carhart because she was not present when the alleged beating occurred. ECF No. 149, at 37-39. Judge Foschio finds that "Carhart's sworn statement that she was not involved in the search of Plaintiff's cell and subsequent use of force against Plaintiff, corroborated in part by both Hannigan and White and the Frisk Log Book entries for November 17, 2007, and unrebutted other than by Plaintiff's own statement, which is insufficient to create an issue of fact to avoid summary judgment, *Hayes* [v. New York City Dept. of Corrections, 84 F.3d 614, 619 (2d Cir. 1996)] ("[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial"), establishes the absence of any triable issue on Plaintiff's claim against Carhart." *Id.* at 39.

Plaintiff objects to Judge Foschio's determination regarding C.O. Carhart, and the Court agrees. In *Hayes*, the Second Circuit explained that "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, *by omission or addition, contradicts the affiant's previous deposition testimony*." *Hayes*, 84 F.3d at 619 (emphasis added). In other words, when deciding a motion for summary judgment, the court may not disregard a fact simply because that fact came from an affidavit; it is when the affidavit *contradicts the affiant's previous deposition testimony* that courts become legitimately skeptical that the nonmoving party has attempted to craft an affidavit solely to defeat summary judgment.

Here, by contrast, Plaintiff consistently states that C.O. Carhart was present when the incident occurred. He identified C.O. Carhart as being present during the assault not only in his affidavit, *see* ECF No. 117 at ¶ 20, but also multiple times in his deposition. *See* ECF No. 123,

6

Ex. 13, at 37; ECF No. 109, Ex. A, at 105, 108, 109.  To find that summary judgment should be granted as to C.O. Carhart, Judge Foschio improperly resolved a disputed material fact against Plaintiff, the nonmoving party.  Therefore, the R&R is not adopted in this respect.

**5.   C.O. White and N.Y. Correction Law § 24**

New York Correction Law § 24 states that "[n]o civil action shall be brought in any court of the state . . . against any officer or employee of the department . . . in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee."  N.Y. Correct. Law § 24.  In other words, employees at a state correctional facility may not be sued for damages under state law for actions taken *within the scope of their employment*.

In *Riviello v. Waldron*, 47 N.Y.2d 297 (1979), the New York Court of Appeals articulated the relevant factors to consider when determining whether an employee's alleged conduct falls within the scope of his or her employment:

> Among the factors to be weighed are: the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated.

*Id.* at 303.  In *Ierardi v. Sisco*, 119 F.3d 183, 188 (2d Cir. 1997), the Second Circuit discussed this standard in detail.  The plaintiff in that case, Ierardi, was a special education teacher employed by DOCCS and assigned to the Sullivan County Correctional Facility.  Ierardi alleged that Sisco, who was a correction officer assigned to the same facility, subjected her to recurrent sexual harassment.  The court in *Ierardi* held that Sisco could not rely on § 24 at the summary judgment stage:

> Sisco's purported sexual harassment of Ierardi was not undertaken in the discharge of his duties. He was not "doing [his] employer's work." *Gore*, 217 A.D.2d at 890. The previously noted purpose underlying Section 24

> (*viz.* to permit correction officers to perform their job functions undeterred by the fear of lawsuits based on state tort claims) is not implicated. If in fact the alleged conduct occurred, it was prompted purely by "personal reasons unrelated to the employer's interest." *Id.* at 891, 630 N.Y.S.2d 141. Under such circumstances, the conduct—although occurring during the course of his employment—is outside the scope of Sisco's employment.

*Ierardi*, 119 F.3d at 188.

Here, Judge Foschio cited *Ierardi* in the R&R but did not discuss the relevant factors laid out in *Riviello*. *See* ECF No. 149, at 45-50. Plaintiff is also correct that Judge Foschio appears to have improperly resolved disputed facts in favor of C.O. White by finding that C.O. White was not present in the day room when the alleged assault occurred. *Id.*; *see* ECF No. 125, at 11 ¶ 48 (Plaintiff disputing that fact in his Rule 56 statement).

That being said, Judge Foschio arrived at the correct result when he found that Plaintiff's common law assault claim against C.O. White is barred by § 24. It is undisputed that Sergeant Hannigan, C.O. White's superior, instructed C.O. White to frisk Plaintiff's cell on November 17, 2007 as part of Sergeant Hannigan's investigation regarding the commissary grievance. ECF No. 125, at 7 ¶ 29. It is also undisputed that Sergeant Hannigan was with Plaintiff in the day room. *See* ECF No. 125, at 11, ¶ 47. Therefore, even if Plaintiff is correct that C.O. White was *also* in the day room when the use of force occurred, then C.O. White was there with his superior.

With that in mind, no reasonable jury could find that C.O. White was not acting within the scope of his employment. C.O. White was at work, during his scheduled work hours, acting pursuant to orders from his superior Sergeant Hannigan. Given the allegations of excessive force against Sergeant Hannigan, no reasonable jury could conclude that what C.O. White did was uncommon, unforeseeable to his employer, or an extreme departure from the normal methods of performance. Although C.O. White may have violated Plaintiff's constitutional rights, he was undoubtedly "doing his employer's work" when he did so. *Ierardi*, 119 F.3d at 188. Therefore,

8

summary judgment is granted with respect to Plaintiff's common law assault claim against C.O. White.

## 6. Conspiracy Claim

Count III of Plaintiff's Amended Complaint is titled "Conspiracy to Violate Constitutional Rights." ECF No. 51, at 9. Plaintiff alleges, in full, that "Defendants Hannigan, White, and Carhart conspired to violate plaintiff's statutory civil rights, as more fully described in the foregoing paragraphs, in violation of 42 U.S.C. § 1983, for which said defendants are personally liable." *Id.* at ¶58. In his R&R, Judge Foschio noted that the Amended Complaint was filed by Plaintiff's assigned counsel and wrote that "the court does not construe the Amended Complaint as asserting a conspiracy claim under § 1985 or New York law." ECF No. 149, at 51. Plaintiff objects to this determination. ECF No. 152, at 3.

The Court does not adopt the R&R with respect to this issue because Defendants did not move for summary judgment on Count III of the Amended Complaint. *See* ECF No. 102-1.

## CONCLUSION

For the reasons stated above, the R&R is adopted in part. Defendants' motion for summary judgment (ECF No. 102) is GRANTED IN PART AND DENIED IN PART. The motion is DENIED with respect to C.O. Carhart, but GRANTED with respect to all other Defendants.

IT IS SO ORDERED.

Dated: September 30, 2016
      Rochester, New York

                                      HON. FRANK P. GERACI, JR.
                                      Chief Judge
                                      United States District Court